IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-38-BO

| | |
|---|---|
| JACKIE BLUE, Individually, and <br> NATIONAL ALLIANCE FOR <br> ACCESSIBILITY, INC. a Florida not for <br> profit corporation, <br>               Plaintiffs, <br><br> v. <br><br> BIG LOTS STORES, INC., a Foreign <br> Corporation, <br>               Defendant. | O R D E R |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded, defendant has replied, and the motion is now ripe for adjudication. For the following reasons, defendant's motion to dismiss is granted and plaintiffs' complaint is dismissed in its entirety.

## BACKGROUND

Plaintiffs brought this action alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and seeking a declaratory judgment, injunctive relief, attorney's fees, litigation expenses, and costs. Plaintiff Blue is a resident of Fayetteville, North Carolina and claims she qualifies as an individual with a disability as defined by the ADA. She lives eight miles from defendant's property at 3910 Raeford Road, has visited the property, and plans to return to the property to avail herself of the goods and services offered to the public there. Plaintiff is also a member of the National Alliance for Accessibility.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject

matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.*, citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

I. PLAINTIFFS HAVE STANDING

Defendant contends that plaintiffs lack standing to bring this suit. Standing is the determination of whether a particular individual is the proper party to assert a claim in federal court;

2

it "is founded in concern about the proper–and properly limited role–of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing doctrine curtails the types of disputes that an Article III court can decide; it does so by requiring courts to hew to their express constitutional mandate of resolving "cases" and "controversies." U.S. Const. art. III, §2, cl. 1; *Warth*, 422 U.S. at 498. The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth*, 422 U.S. at 498. An affirmative answer to this question requires a plaintiff to demonstrate at least three "irreducible constitutional minimum" requirements:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

When a plaintiff seeks injunctive relief, the "injury in fact" element of standing requires more than simply an allegation of a defendant's prior wrongful conduct; a plaintiff must show a substantial likelihood of future harm. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). In assessing the credibility of a plaintiff's intention to return in order to determine whether there is a substantial likelihood of future harm, courts consider: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. *See e.g. Norkunas v. Park Rd. Shopping Ctr., Inc.*, 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011). Although the Fourth Circuit has, in an unpublished opinion, "decline[d] at this time to endorse the four-factor test," it has acknowledged the

3

importance of a plaintiff's plausible allegation of a likelihood of future harm, specifically considering a plaintiff's proximity to the subject site in evaluating plausibility. *Daniels v. Arcade, L.P.*, 477 Fed. App'x 125, 129 (4th Cir. 2012) (unpublished).

In *Daniels*, the plaintiff alleged that he "intends to continue to visit the [site] in the future for his shopping needs." The Fourth Circuit accepted the allegation as true for purposes of the motion to dismiss, and deemed the allegation plausible because the plaintiff in that case resided "in relatively close proximity" (within twenty miles) of the site. *Id.* Here, plaintiff Blue states that she lives within close proximity (within eight miles) of the subject Big Lots property, that she regularly visits this Big Lots store, and that she intends to continue to visit this Big Lots in the future for her shopping needs. Blue Aff. ¶¶ 3-4. Informed by *Daniels*, the Court holds that plaintiff Blue has standing to bring this suit.

"When an association asserts standing solely as the representative of its members, it must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Disability Advocates, Inc. v. N.Y. Coalition for Quality Assisted Living, Inc.*, 675 F.3d 149, 156-57 (2d Cir. 2012) (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)) (internal quotation marks omitted). Because National Alliance for Accessibility relies on plaintiff Blue's alleged injury, the Court's finding that she maintains standing allows National Alliance to have standing as well.

II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even assuming that, in light of *Daniels*, plaintiffs have standing to bring this action, plaintiffs have failed to do more than recite the elements of their cause of action supported by conclusory

4

statements. The complaint states that, pursuant to a preliminary inspection of the property, several ADA violations were identified, including lack of a continuous path of travel connecting all essential elements of the facility, counters in excess of thirty-six inches, and urinals that do not comply with ADA standards. No facts have been pled that would allow the Court to infer, even considering the claims in the light most favorable to plaintiffs, that, for example, urinals that do not comply with ADA standards have resulted in discrimination against plaintiff Blue (presumably a woman) or would result in discrimination against her in the future. *See also Nat. Alliance for Accessibility v. Big Lots Stores, Inc.*, No. 5:12-CV-349-D, 2013 WL 1452928 *2 (E.D.N.C. April 9, 2013). In the absence of sufficient factual support, plaintiffs have not stated a facially plausible claim for relief.

Though plaintiff Blue has submitted an affidavit to bolster her claims in the complaint, the Court declines to consider it as it is "beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." *E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011). Plaintiffs have not sought to amend their complaint to include such factual support, and dismissal of this action is therefore appropriate.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 10] is hereby GRANTED and plaintiffs' claims are DISMISSED in their entirety. The clerk is DIRECTED to close this case.

SO ORDERED, this 27 day of September, 2013.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5